UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO-ANN FRIBERG MCKEON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:07-cv-425 (WWE) |
| | : | |
| GUARDIAN INSURANCE AND ANNUITY COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This action arises from plaintiff Jo-Ann Friberg McKeon's claims that defendant Guardian Insurance and Annuity Company, Inc.'s ("Guardian") failed and refused to pay funds due to plaintiff from her former husband, Joseph F. McKeon's ("McKeon"), Guardian 401(k) pursuant to judgment and order of the Superior Court for the Judicial District of Fairfield, at Bridgeport, as part of plaintiff's divorce agreement. She asserts claims of breach of fiduciary duty in violation of 29 U.S.C. § 1056(d)(3)(G) (count one), detrimental reliance (count three), breach of contract (count four) and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § § 42-100a, et seq. ("CUTPA") (count five). She also seeks the issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, that defendant must pay to plaintiff any and all alimony payments unpaid by McKeon when these payments become due in the future (count two). Defendant moves to dismiss plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(7) on the ground that plaintiff has failed to join McKeon as an

1

indispensable party in this action. In the alternative, defendant moves to dismiss counts three, four and five of the complaint pursuant to Fed. R. Civ. P 12(b)(6) on the ground that plaintiff's state law claims are preempted by ERISA, and thus fail to state a cause of action upon which relief can be granted.

## BACKGROUND

Sometime prior to December 2004, defendant issued a variable insurance product to McKeon as part of a 401(k) plan referred to as Contract #210158741. Plaintiff was named as a beneficiary on this plan. On December 4, 2004, plaintiff and McKeon divorced in a matter entitled <u>Jo-Ann McKeon v. Joseph F. McKeon</u>, docket #FA030404706S. In its Memorandum of Decision issued with its judgment, the court made the following order:

> Retirement Pension
>
> Wife shall be entitled to one-third of husband's Guardian 401(k). The remaining 2/3 shall be held as security, in the form of a trustee account for the payment of alimony and other obligations as herein set forth for so long as husband has an obligation to pay alimony and/or other obligations. If and when alimony terminates and husband's other order obligations have been complied with, any and all sums that have accrued shall be distributed to the husband or his estate. This division shall be done by way of a Qualified Domestic Relations Order and the parties shall be equally responsible for costs related to the division.
>
> Alimony
>
> Husband shall pay alimony to the wife in the amount of $2,000 per month payable on the 15th of each month until the death of either party, the remarriage of the wife or her co-habitation as defined by § 46b-86b of the Connecticut General Statutes or until husband's 70th birthday. Husband shall pay the alimony arrearage in the amount of $9,750 within 30 days. Any life insurance policy owned by the husband as of this date shall designate wife as beneficiary as long as he has any alimony obligation.

2

In January 2005, defendant was notified of Contract #210158741 and the court order affecting McKeon's 401(k). Defendant also received a copy of the court's memorandum of decision and acknowledged receipt of same.

In March 2005, pursuant to the court's judgment, defendant paid plaintiff one-third of the value of McKeon's 401(k): $58,637.18. In June 2005, plaintiff filed a "Post-Judgment Motion for Order," requesting a court order that an alimony arrearage of $9,750 and past due alimony of seven months totaling $14,000 be paid to her from McKeon's 401(k). In July 2005, the court issued that order and on July 25, 2005, defendant issued a check to plaintiff in the amount of $23,750.

Plaintiff went through this process again in November 2005, at which time she filed another "Post-Judgment Motion for Order," requesting the court to order that past due alimony of five months, totaling $10,000, be paid to her from McKeon's 401(k). In December 2005, the court issued such order and, subsequently, defendant issued a check in the amount of $10,000 to the plaintiff.

In June 2006, plaintiff again filed a motion for "Post-Judgment Motion for Order," requesting a court order that past due alimony of five months, totaling $10,000, be paid to her from the 401(k). In August 2006, the court issued said order. Defendant has not paid these funds.

Plaintiff alleges that, in contravention of the Superior Court's decision and orders, defendant has paid all remaining funds and benefits stemming from McKeon's 401(k) to McKeon, thereby depriving plaintiff of alimony due to date and security for future payments of alimony until the occurrence of one of the conditions of the court's ruling of December 2004.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Igbel v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

I. Joinder

Defendant argues that this matter must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 19(a) because McKeon, an indispensable party to this action, was not joined as a defendant.

Federal Rule of Civil Procedure 19(a) provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the

4

> persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interests. If the person has not been so joined, the court shall order that the person be made a party. . . .

Fed. R. Civ. P. 19(a). If any of the criteria established by Rule 19(a) are met, the district court must then either order that the absent party be joined as a party or, if such joinder is not feasible, determine whether dismissal is appropriate. Sever v. Glickman, 298 F.Supp.2d 267, 271 (D.Conn. 2004). Dismissal is warranted only when a party is indispensable. Yamaha Motor Corp. v. Ferrarotti, 242 F.R.D. 178, 181 (D. Conn. 2007). See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968) ("To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely 'necessary' while the decision to dismiss is a decision that he is 'indispensable.'").

In order to assess whether a party is indispensable, the Court must first determine whether joinder is feasible and whether the party is "necessary" under Rule 19(a). When a party is considered necessary and joinder is not feasible, the Court proceeds to the Rule 19(b) analysis. Rule 19(b) requires that the Court "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Reliance Insurance Co. v. Polyvision Corp., 474 F.3d 54, 59 (2d Cir. 2007).

In the present matter, defendant argues that the case cannot proceed without the joinder of McKeon because complete relief cannot be accorded among those already parties to this litigation, therefore meeting the threshold requirements of Fed. R.

5

Civ. P. 19(a). Plaintiff counters that McKeon is not an indispensable party and that the action should proceed without him being made a party.

Plaintiff concedes that McKeon is a party to Contract #210158741. "It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." Sever, 298 F.Supp.2d at 275. There is no evidence that McKeon is not subject to service of process or that his joinder would deprive the court of jurisdiction. It is not necessary to continue the analysis as to McKeon's status as an "indispensable" party because joinder is feasible. The Court will deny defendant's motion to dismiss on this ground and order plaintiff to join McKeon as a party to this action within thirty days of this ruling.

II. Preemption

Plaintiff asserts three state law claims against defendant: detrimental reliance, breach of contract, and violation of CUTPA. Defendant argues that these claims are preempted by ERISA and should be dismissed.

Section 514 of ERISA provides that ERISA supercedes "any and all State law claims in so far as they now or hereafter related to any employment benefit plan. . . ." 29 U.S.C. § 1144(a). The basic purpose of ERISA preemption is "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995). "The pre-emption clause is conspicuous for its breadth. Its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990) (citations omitted). Where a state law claim is only an alternative theory of

6

recovery for a cause of action prohibited by ERISA, it is preempted by ERISA. LoPresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997).

Plaintiff argues that subsection (b) of Section 514 provides an exception to ERISA preemption: "Subsection (a) of this section shall not apply to qualified domestic relations orders (within the meaning of § 1056(d)(3)(B)(I) of this title). . . ." 29 U.S.C. § 1144(b)(7). A qualified domestic relations order ("QDRO") is defined in the Retirement Equity Act ("REA"), an amendment to ERISA. "Since employment benefits were commonly at issue in state court matrimonial disputes and since ERISA's preemption provision had the unintended effect of disturbing interests and expectations fixed in such proceedings, the REA was designed to give effect to divorce decrees and related state-court orders insofar as they pertained to ERISA-regulated plans." Metropolitan Life Insurance Co. v. Bigelow, 283 F.3d 436, 441 (2d Cir. 2002). Pursuant to the REA, a QDRO is a domestic order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan. . . . The term 'domestic relations order' means any judgment, decree, or order. . . which relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child . . . and is made pursuant to a State domestic relations law." 29 U.S.C. § 1056(d)(3)(B).

Plaintiff's divorce decree awarded her a security interest in McKeon's 401(k) for future alimony payments. Consistent with that, 29 U.S.C. § 1056(d)(3)(H) requires that the plan administrator segregate the amounts due pursuant to a QDRO and make payments of the segregated amounts to the person or persons entitled thereto. 29

U.S.C. § 1056(d)(3)(H).

Defendant counters that plaintiff's argument is misplaced because no QDRO was issued in the divorce action. The Court disagrees. The language of the Memorandum of Decision set forth in the divorce action cited by the defendant fulfills 29 U.S.C. § 1056(d)(3)(B)'s mandate that a QDRO arises from "any judgment, decree or, order" relating to the provision of alimony. Because this judgment is the vehicle by which plaintiff's right to alimony is established, the Court considers this the judgment relating to the provision of alimony described in 29 U.S.C. § 1056(d)(3)(B). Accordingly, the Court finds that plaintiff's state law claims are not preempted by ERISA as this exception is set forth in 29 U.S.C. § 1144(b)(7).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Doc. #10] is GRANTED in part and DENIED in part. The motion is GRANTED in so far as plaintiff is ordered to join Joseph F. McKeon, Jr. as a necessary party to this action within thirty days of this ruling. The motion is DENIED in so far as plaintiff's state law claims are not preempted by ERISA and survive defendant's motion to dismiss.

SO ORDERED this 19th day of November, 2007 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge